UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEROME THOMPSON, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No. 2:15-cv-00166-LJM-DKL |
| | ) |
| MR. R. BROWN, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Jerome Thompson for a writ of habeas corpus challenges a prison disciplinary proceeding, WVS 15-03-0002, in which he was found guilty of forging documents. For the reasons explained in this entry, Mr. Thompson's habeas petition must be **denied**.

## I. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On February 27, 2015, Clerical Assistant Brenda Hinton issued a Report of Conduct charging Mr. Thompson with forging documents in violation of Code B-230. The Report of

Conduct states:

> On 2-26-15 at approximately 9:00 a.m. I was opening my mail in the North Library. I received a request from Offender Thompson, #113588, dated 2-21-15. Attached to his request was what appeared to be a Report of Conduct, State Form #39590. Upon further review, I realized it was a copy of the form, and on the other side was a copy of a Petition for Restoration of Time, State Form #6949. The report was filled out in pencil, with signatures, including "Chapman," and "Sgt. Sloan." I showed the document to Officer Chapman, and she stated it was not her signature. (statement attached.) I telephoned Brenda Brocksmith, classification department, and she was able to verify that the case number used in Offender Thompson's "Report of Conduct," was originally filed on Offender Andrew Coppress #109403, case # WVD-05-08-0047. (statement attached.) Therefore, Offender Thompson, #113588, forged State Form 39590, by signing Officer Chapman's name, and attempted to have the forged document copied. All documents mentioned above are attached.

Dkt. 13-1.

Mr. Thompson was notified of the charge on March 3, 2015, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). Dkt. 13-2. The screening officer noted that Mr. Thompson requested a lay advocate, pleaded not guilty, and did not request any witnesses or evidence.

The hearing officer conducted a disciplinary hearing on March 9, 2015. Mr. Thompson stated, "This has happened once before. I was found guilty already for the same thing. I wish to present a written statement." Dkt. 13-5, p.1. His written statement asserted that he had been framed by someone who wanted his release date to be pushed back. He stated that he had requested a copy made of a conduct report for WVD 05-08-0154, not for WVD 05-08-0047 on which this conduct report was based. Dkt. 13-5, p.2.

The hearing officer determined that Mr. Thompson had forged the documents based on staff reports, evidence from witnesses, the verbal and written statement of the offender, the transaction slip, the conduct report, the report of institutional transfer, the indigent request for copies, and the sanction detail. Dkt. 13-5, p. 1. The sanctions imposed included a written

reprimand, one month loss of J Pay, the deprivation of 90 days of earned credit time, and the demotion from credit class I to credit class II. *Id.* The hearing officer imposed the sanctions because of the seriousness and nature of the offense and the likelihood of the sanction having a corrective effect on the offender's future behavior. *Id.*

Mr. Thompson's appeals were denied. This habeas action followed.

### III.  Analysis

Mr. Thompson alleges that his due process rights were violated during the disciplinary proceeding. His claims are: 1) insufficient evidence; 2) denial of a fair hearing; 3) denial of a continuance; and 4) denial of an impartial hearing officer.

Mr. Thompson first argues that the conduct report did not constitute sufficient evidence to support the charge of forging documents. He argued at the hearing that someone set him up to extend his release date. He states that he did not request a copy of a conduct report for WVD 05-08-0047, which is the document discussed in the forging documents conduct report. Rather, he submitted to be copied a conduct report for WVD 05-08-0154.

The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. 445, 455-56 (1985). Mr. Thompson's contention that he was "set up" was considered by the hearing officer but the hearing officer concluded that the conduct report and the

documents attached to the conduct report to be copied supported the charge. The conduct report submitted to be copied was completed in pencil and the reporting officer confirmed that one of the officers whose name was on the report had not signed the report. The conduct report and the witnesses' statements constituted sufficient evidence to support the charge and conviction.

Mr. Thompson's remaining claims challenge the impartiality and fairness of the hearing officer. Mr. Thompson alleges that he was not notified of the change in lay advocate until the time of the hearing and his request for a continuance because of the change in lay advocate was denied. He states that he told the hearing officer that the new lay advocate had a conflict of interest because she had written him up before.

A prisoner does not have a due process right to a lay advocate in a disciplinary proceeding unless he is illiterate or unable to understand complex charges against him. *Wolff,* 418 U.S. at 570. Mr. Thompson does not allege nor would the record support a finding that he is illiterate or did not understand the charge against him. His written statement at the hearing and his petition in this action demonstrate that he is literate and understood the charge. Mr. Thompson "had no constitutional right to the assistance of any lay advocate, much less the lay advocate of his choice." *Doan v. Buss,* 82 Fed.Appx. 168, 172 (7th Cir. Oct. 31, 2003) (citing *Miller v. Duckworth,* 963 F.2d 1002, 1004) (7th Cir. 1992)). There was no due process error in changing the lay advocate or in denying a continuance of the hearing on that basis.

Mr. Thompson further claims that the hearing officer was not impartial because he allowed the lay advocate to stay in the room while he made his decision and because the hearing officer failed to provide him with an explanation as to what happened to the conduct report WVD 05-08-0154 that he allegedly submitted for copies.

Inmates are entitled to an impartial decision-maker. A prison official who is "directly or

substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those charges. *Piggie v. Cotton,* 342 F.3d 660, 667 (7th Cir. 2003). "Adjudicators are entitled to a presumption of honesty and integrity." *Id.* at 666. "[T]he constitutional standard for impermissible bias is high." *Id.* Mr. Thompson does not allege any disqualifying personal involvement in or knowledge of the circumstances involved in the conduct report. There is no evidence of bias in the proceeding. His claim that he was denied an impartial decision-maker lacks merit.

Mr. Thompson was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Thompson's due process rights.

### IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Thompson's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   5/25/2016

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Jerome J. Thompson
DOC #113588
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only